BOWLING *v.* BOWLING.

5-3103                                      372 S. W. 2d 239

Opinion delivered November 11, 1963.

*J. G. Moore,* for appellant.

*Felver A. Rowell, Jr.,* for appellee.

PAUL WARD, Associate Justice. A brief statement of the background facts will be useful in understanding the one issue presented on this appeal.

### First Suit.

The parties hereto were married in 1944. In August, 1960 Mr. Bowling filed suit for divorce in Van Buren

County, and Mrs. Bowling filed a cross-complaint in which she also asked for a divorce. After a hearing the court refused to give either party a divorce. However, at the request of both parties, the court ordered two parcels of land (owned by the entirety) sold and the proceeds divided equally between them. Nothing was said by the parties or the court about other property, real or personal, belonging to Mr. Bowling. So, the case is *res judicata* only as to the two parcels of land mentioned in the decree—being the property held by the, entirety. No appeal was taken by either party.

### Second Suit.

Following the Van Buren County divorce action appellant herein (Mrs. Bowling) moved her residence to Conway County where, on January 25, 1963, she filed suit for a divorce. In the complaint it was alleged that the parties have a home on six acres of land in Van Buren County worth about $9,000. The prayer was that she be granted a divorce; that she be given the use of the homestead during her natural life, or that it be sold and the proceeds be divided equally between her and appellee; and, that she be given all other legal and equitable relief to which she is entitled whether prayed for or not. To this complaint appellee entered a general denial. At the conclusion of the trial the court entered a decree granting a divorce to appellant, but refused to make any order respecting her property rights. To reverse the above decree appellant now prosecutes this appeal.

In our opinion the trial court committed error. Ark. Stat. Ann. § 34-1214 (Repl. 1962) provides, among other things:

". . . the wife so granted a divorce . . . shall be entitled to one-third (⅓) of the husband's personal property absolutely, and one-third (⅓) of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage for her life, unless the same shall have been relinquished by her in legal form . . ."

It is undisputed that appellee owned the six acre homestead, and it was not positively shown in either suit that he does not own other property. Since appellee does not claim appellant has released her interest in any of his property, it was imperative that appellant be given one-third (absolutely) of all personal property and one-third (for life) of all real property still owned by appellee. We make it clear, however, that appellant gets no part of appellee's interest in the property sold in the first suit or in the proceeds thereof. In *Myers* v. *Myers*, 226 Ark. 632, 639, 294 S. W. 2d 67, 72 (on rehearing) we said:

"When a divorce is awarded to the wife the statute affirmatively *requires* that she be granted a third of the husband's personal property absolutely and a third of his real property for life." Citing Ark. Stat. § 34-1214. (Emphasis added.)

In the cited case we also said, referring to *Hegwood* v. *Hegwood*, 133 Ark. 160, 202 S. W. 35:

"The decree for divorce draws to the court the power to ascertain the description of the property owned by the husband for the purpose of awarding to the divorced wife her share thereof."

On remand the trial court will have power, if appellant still so desires, to give her the right to occupy the homestead during her natural life. If appellant does not so desire, then the trial court must give her a third interest for life in the said six acres of land.

The decree of the trial court is reversed, and it is accordingly remanded for further proceedings in conformity with this opinion.

Reversed, and remanded with directions.