Allyce KROHA *v.* Daniel KROHA

78-256                                    578 S.W. 2d 10

Opinion delivered February 26, 1979
(Division I)
[Rehearing denied April 2, 1979.]

*Patten, Brown, Leslie & Davidson,* by: *Charles A. Brown,* for appellant.

*Blevins & Pierce,* by: *James W. Stanley,* for appellee.

JOHN I. PURTLE, Justice. Appellant was granted a divorce from appellee and cross-appellant and awarded custody of the minor child. Appellant appeals from that portion of the decree which refused to grant her one-third of the corpus of a testamentary trust of which appellee is the beneficiary. She argues she is entitled to this interest in the trust pursuant to Ark. Stat. Ann. § 34-1214 (Repl. 1962). Appellee cross appeals from the refusal of the trial court to declare Ark. Stat. Ann. § 34-1214 unconstitutional as a denial of the equal protection clause of the state and federal Constitutions.

We first discuss appellant's claim that she is entitled to one-third of the corpus of the trust. It is noted that appellee receives a monthly allowance or income from the trust and this income was apparently considered in setting the amount of support to be paid by appellee to appellant as support of the minor child. In any event, it is clear and unequivocal that the chancellor refused to grant appellant one-third of the corpus of the trust.

Ark. Stat. Ann. § 34-1214 provides as follows:

In every final judgment for divorce from the bonds of matrimony granted to the husband, an order shall be made that each party be restored to all property not disposed of at the commencement of the action, which either party obtained from or through the other during the marriage and in consideration or by reason thereof; and where the divorce is granted to the wife the court shall make an order that each party be restored to all property not disposed of at the commencement of the action, which either party obtained from or through the other during the marriage and in consideration or by

reason thereof; and the wife so granted a divorce against the husband, if she shall have actually personally resided in this State for a period of time next before the commencement of the action at least equal to the residence required to enable her to maintain an action for divorce, shall be entitled to one-third (1/3) of the husband's personal property absolutely and one-third (1/3) of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage for her life, unless the same shall have been relinquished by her in legal form, and every such final order or judgment shall designate the specific property both real and personal, to which such wife is entitled; . . . .

We need not cite cases to support the precedent of chancery courts awarding the wife one-third of the husband's personal property absolutely and one-third of his real property for life. The question now before us is whether the corpus of a testamentary trust is personal property of the beneficiary of the trust.

The trust in question was established in the will of Dorothy Mae Haskell of Garland County, Arkansas, which will was admitted to probate in the Garland County Probate Court on August 12, 1974. Pertinent parts of the will are set out as follows:

### III

I give, devise and bequeath all the rest of my Estate to the Trust Office of Arkansas First National Bank, Hot Springs, Arkansas, in trust, for my grand-nephew, Daniel Joseph Kroha, and direct that my said Trustee shall sell the Casa Blanca Club as soon as possible after my demise and a buyer can be found willing to pay a fair price for same. I further direct that my Trustee shall sell all other property, with the exception of the real property mentioned in paragraph two, as funds may be needed to provide for the payments hereinafter set out for my grand-nephew, Daniel Joseph Kroha.

## V

I direct that my Trustee shall pay to my grand-nephew, Daniel Joseph Kroha, the sum of $200.00 per month until all funds have been disbursed. In the event that additional money is needed for any emergency, said additional amount may be paid upon the approval of the attorney, hereafter named, and one of the directors of the Arkansas First National Bank.

## VI

In the event that my grand-nephew, Daniel Joseph Kroha, should predecease me, and die without living issue, then and in that event, I give, devise and bequeath all of my said Estate to . . . .

An order of the probate court dated October 14, 1974, held the trust to be a legal and valid trust and that the parties, Daniel Joseph Kroha and First National Bank, were bound by the terms of the trust. No appeal was taken from the order of the court.

By the very provisions of the trust the appellee is entitled to payments from the trust but is not entitled to the corpus of the trust at all during his lifetime unless it is exhausted by the monthly payments to the beneficiary. He cannot mortgage, sell, assign or otherwise dispose of the assets of the trust. His interest is paid monthly and we presume it has been used for family purposes during the marriage.

We have reviewed the cases cited by appellant and do not find in any of them where a contingent interest in an estate has been treated as subject to division pursuant to Ark. Stat. Ann. § 34-1214. We agree with appellant that a husband's out of state realty either in fee or in remainder is subject to an award pursuant to this statute, but this is a vested interest, and thus unlike the interest involved here.

Social security benefits, military retirement pay, and similar contingent interests have been rejected as proper items to be awarded a wife when she has been granted a

divorce in Arkansas. If the trust violated the rule against perpetuities, it is possible an attack on it would result in the property being vested in the settlor's estate. However, that was not done during the time these parties were married and if it is so decided now, it is too late for appellant to be entitled to a one-third interest because they are not married. Under the probate court order there is more to do than pay over the assets to the beneficiary. Therefore, the statute of uses does not apply.

*Fenney* v. *Fenney*, 259 Ark. 858, 537 S.W. 2d 367 (1976) has been cited by both parties. We believe *Fenney* is analogous to the instant case. Therefore, we hold the chancellor was correct in refusing to award the wife one-third of the corpus of the trust from which appellee, at least for now, is entitled only to monthly payments.

The constitutionality of Ark. Stat. Ann. § 34-1214 is of no legal interest to cross-appellant since the court did not award appellant an interest in this property. All other property was divided by agreement. Additionally, the constitutionality of the statute was not raised in the pleadings and is not even mentioned in the decree, and there is no occasion to pass on this question.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and BYRD, JJ.