Norma Jean GROSS *v.* Raymond Frank GROSS

79-40                                          585 S.W. 2d 14

Opinion delivered June 25, 1979
(Division II)
[Rehearing denied September 4, 1979.]

*Shaw & Ledbetter,* for appellant.

*Charles R. Garner,* for appellee.

FRANK HOLT, Justice. Appellant was awarded a divorce from appellee, custody and support of their 3 children, alimony, and a division of their property. Appellant appeals from that portion of the decree dealing with the division of their property and the award of child support and alimony. We first consider the division of property.

Appellant was awarded a savings account of $16,000, 1/2 ($2,500) of a certificate of deposit, a Cadillac automobile, 7,040 ($52,800) shares of stock which were in her name, 1,298 ($9,735) of appellee's approximately 78,000 shares of the same type stock, and 1/3 life interest in appellee's 1/18 interest in certain real estate providing $90,000 gross income annually. Her interest would approximate $1,650 per year. Appellate was denied any statutory interest in the balance of appellee's 78,000 shares of stock and two trusts in which appellee has interests. The court exempted these items from the statutory allowance because appellee acquired them during marriage by gift or inheritance from his parents. Even so appellant argues that since she is the party receiving the divorce, she is entitled to 1/3 of appellee's personal property absolutely and 1/3 of his real estate for life without reference as to how the property was acquired.

Ark. Stat. Ann. § 34-1214 (Repl. 1962) reads in pertinent part:

> . . . the wife so granted a divorce against the husband . . . . shall be entitled to one-third [1/3] of the husband's personal property absolutely, and one-third [1/3] of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage for her life, unless the same shall have been relinquished by her in legal form . . . .

In interpreting this statute, we said in *Bowling* v. *Bowling*, 237 Ark. 199, 372 S.W. 2d 239 (1963):

> When a divorce is awarded to the wife the statute affirmatively requires that she be granted a third of the husband's personal property absolutely and a third of his real property for life.

This right arises as a matter of law upon the wife's being granted a divorce. *Mickle* v. *Mickle*, 253 Ark. 663, 488 S.W. 2d 45 (1972). See also *Carr* v. *Carr*, 226 Ark. 355, 289 S.W. 2d 899 (1956). It is true, as pointed out by appellee, that we have not always interpreted this statute as being absolute in its requirements. *Lewis* v. *Lewis,* 255 Ark. 583, 502 S.W. 2d 505 (1973); *Alexander* v. *Alexander,* 227 Ark. 938, 302 S.W. 2d 781 (1957); *Cook* v. *Cook,* 233 Ark. 961, 349 S.W. 2d 809 (1961); and *Knighton* v. *Knighton,* 259 Ark. 399, 533 S.W. 2d 215 (1976). In *Lewis,* citing *Alexander,* we said:

> Ordinarily, where the wife is less at fault, or where she is the injured party, she would be entitled to the statutory award of an interest in the husband's property, but her wealth and income are to be considered in determining whether she receives the full amount.

The rationale of these cases is that it is not an abuse of discretion when the chancellor reduces her interest below 1/3 when it is shown that the wife has substantial property and wealth in her own right in excess of her husband. For instance, in *Alexander,* the wife's wealth ($3,000,000) was 3 times that of her husband. These cases are inapplicable here. It appears at the time of the divorce appellant's only personal property of any significance was 7,040 shares of stock valued at approximately $52,800 and a $16,000 savings account. She had no other source of income. The appellee's 78,000 shares of stock, held in his name, alone is valued at approximately $550,000 to $620,000. This is in addition to his interests in two trusts, the values of which are not disclosed. Obviously, appellee's wealth is substantially in excess of appellant's.

No cases are cited to us, and we find none which hold that the statute exempts property acquired during the

marriage by inheritance or gift. Perhaps that is true because it clearly states that the wife, as here, is entitled to a 1/3 interest absolutely of the personal property which the husband has at the time of a divorce. We cannot construe it to mean other than what it clearly says. In *Hatcher* v. *Hatcher*, 265 Ark. 681, 580 S.W. 2d 475 (1979), we said:

> When the will of the General Assembly is clearly expressed, we are required to adhere to it without regard to consequences . . . Divorce and the incidental rights, responsibilities and liabilities of a divorce, are purely statutory.

Here we must hold that appellant was entitled to 1/3 absolutely of appellee's approximately 78,000 shares of stock.

Appellant also argues that she is entitled to 1/3 interest in two trusts in which appellee has a percentage interest. She distinguishes the situation here from that found in *Kroha* v. *Kroha*, 265 Ark. 170, 578 S.W. 2d 10 (1979), in which we held the husband's interest in the unvested corpus of a testamentary trust was not personal property subject to a statutory claim by the wife in divorce proceedings. In *Kroha*, the appellee was entitled to payments from the trust but not to the corpus during his lifetime unless it was exhausted by monthly payments to the beneficiary. He could not mortgage, assign or otherwise dispose of the trust assets. In the case at bar, by the Articles of Trust, the appellee, as a beneficiary of the John R. Gross Trust, has the right to sell and assign his undivided interest in the trust. This right of alienation distinguishes appellee's interest from the interests in *Kroha, supra, Fenney* v. *Fenney,* 259 Ark. 858, 537 S.W. 2d 367 (1976), and in *Knopf* v. *Knopf,* 264 Ark. 946, 576 S.W. 2d 193 (1979). Therefore, here we hold the appellant is entitled to 1/3 absolutely of appellee's interest in the John R. Gross Trust, since we view his interest as being personal property due to its alienability. There appears to be no evidence concerning the alienability of the other trust, the Raymond F. Gross Trust. We cannot say that the chancellor erred in failing to award appellant any interest in that trust.

Appellant further contends that the court's award of

$450 for child support ($150 per child) payments per month until age 18 and $200 per month alimony is insufficient. She claims the child support should be increased to $900 per month ($300 per child) and $600 per month alimony. At the time of trial, the twin girls were 17 and seniors in high school. The son was 14. The parties were married 19 years. His gross income in 1975, 1976, and 1977 ranged from $71,326 to $82,-819. His monthly net cash available ranged from $3,852 to $4,574 during that period. He will continue claiming his children as dependants for income tax purposes. He was ordered to pay all current marital debts and a $10,000 loan made by his mother to appellant which was used to pay the parties' joint income tax and home repairs. He was ordered to continue certain trusts and life insurance on his life for the benefit of his children. Neither the amount of these trusts nor the value of the life insurance policies were in evidence. He was made responsible for any medical, dental, and hospital expenses for their children and for their college expenses. The marital residence, which appellant has use and possession of, is valued at $125,000. Appellant's income from her savings account and stock would be around $200 per month before our modification of the property division. She has no special education or training to equip her to compete in today's job market. Appellant, 47 years old, testified that her monthly bills were between $40 and $60 for gasoline, between $40 and $120 for electricity, about $15 per month for water, between $40 and $120 for gas, and about $25 per month for telephone. Appellee, however, is required to make the mortgage, insurance, and tax payments and major repairs on the residence. Whenever it is sold, he is to be reimbursed for the principal paid on the mortgage, and any insurance and repair payments.

The court has wide discretion in setting the amount of alimony and child support, and we will not reverse that award unless there is a clear abuse of discretion. In view of our modification of the property division, we cannot say that the award is presently inadequate to meet the needs of appellant and their children.

Appellee contends that the statute, under *Orr* v. *Orr*, 440 U.S. 268, 99 S. Ct. 1102, 59 L. Ed. 2d 306 (1979), is un-

constitutional. However, this argument was not made below, and we will not consider constitutional arguments raised for the first time on appeal. *Hatcher* v. *Hatcher, supra;* and *Williams* v. *Edmondson,* 257 Ark. 837, 520 S.W. 2d 260 (1975).

Affirmed as modified.

We agree: HARRIS, C.J., and FOGLEMAN and PURTLE, JJ.

BYRD, J., dissents as to the modification.