Betty KIRKENDOLL, Individually and as
Mother and Next Friend of Jerry
S. KIRKENDOLL, a minor *v.* Troy HOGAN

CA 79-184                                593 S.W. 2d 498

Opinion delivered January 23, 1980
Released for publication February 13, 1980

*Guy H. Jones, Phil Stratton, Guy Jones, Jr.,* and *Casey Jones,* by: *Phil Stratton,* for appellant.

*Wright, Lindsey & Jennings,* for appellee.

Ernie E. Wright, Chief Judge. This appeal was filed in the Arkansas Supreme Court and transferred to the Court of Appeals pursuant to Rule 29(3).

Appellant brought suit on her own behalf for recovery of property damage and damages for personal injuries on behalf of her minor son sustained when a motorcycle operated by the son and owned by appellant, Betty Kirkendoll, collided with a truck owned and operated by appellee. The complaint was filed February 16, 1977, and answer was timely filed March 18, 1977. On May 26, 1977, appellee filed a counterclaim seeking property damages arising out of the accident. On May 27, 1977, appellant filed a motion to strike the counterclaim on the ground it was not timely filed. The record indicates appellant sought no ruling on the motion until after the jury was sworn to try the case and the motion was overruled.

The case was tried to a jury on March 13, 1979, and the jury returned a verdict apportioning the negligence 50/50 between the parties. For reversal of the judgment entered pursuant to the verdict appellant asserts two grounds: (1) that the court erred in refusing to strike the counterclaim and

(2) that the court erred in reading part of the instructions to the jury before testimony was adduced, particularly appellee's modified version of AMI 208.

It was within the court's discretion to refuse to strike appellee's counterclaim filed a little more than two months after the answer was filed. In *Huffman* v. *City of Hot Springs*, 237 Ark. 756, 375 S.W. 2d 795 (1964), the court reversed the trial court in striking a cross-complaint filed two months after the answer was filed, and stated:

> The filing of an answer meets the requirement of the statute and there is no sound reason why a party should not be permitted to amend his pleading thereafter, provided, of course, his pleading is filed within a reasonable time.

In 1975, Ark. Stat. Ann. § 27-1160 was amended to include the following provision:

> Any party required by existing law to assert a counterclaim in any pending cause of action shall be entitled to amend a pleading in such a manner as to assert such a counterclaim, subject to the same requirements and under the same conditions as apply to any other amendment which may be offered to pleadings, and the court shall have the same discretion to permit amendment to assert a counterclaim as exists to permit any other amendment.

In *Bates* v. *Simmons*, 259 Ark. 657, 536 S.W. 2d 292 (1976), the court said, "We will not reverse the trial court's action on requests for amendment of pleadings at the trial unless there has been a manifest abuse of discretion and material prejudice to the adverse party." The counterclaim in the present case was filed approximately two years before trial, and we find no basis for saying the appellant was prejudiced.

We hold the trial court did not abuse its discretion in refusing to dismiss the counterclaim.

As to the asserted error in the giving of part of the instructions before the introduction of evidence, Ark. Stat. Ann. § 27-1727 specifies the order of the steps in the trial of a case, but allows the trial court to alter the order for special reasons. The trial court saw fit to give the following standard instructions from AMI, 101, 102, 103, 104, 202, 204, 206 and 208 after the jury was sworn and prior to the introduction of evidence. Counsel for appellant made no objection to this procedure, but objected to instruction 208 as given on the ground it was not a correct statement of the law. That instruction reads:

> At the time of the occurrence Betty Kirkendoll and Jerry S. Kirkendoll were mother and son. Therefore, any negligence on the part of Jerry S. Kirkendoll is charged to Betty Kirkendoll with respect to the claims of Betty Kirkendoll.

After the above mentioned instructions were given, counsel for appellant moved for a mistrial on the ground the court read the above instructions to the jury before the opening statements and before any evidence had been heard.

Instruction 208 as given was a correct statement of the law. First, because after the close of the evidence the court gave among other instructions the following:

> Betty Kirkendoll signed the application of Jerry S. Kirkendoll, a minor, for an operator's license. If you find that Jerry S. Kirkendoll was negligent, then his negligence is charged to Betty Kirkendoll.

We must assume the evidence warranted the instruction as none of the evidence is contained in the record on appeal and appellee made no objection to the instruction. Ark. Stat. Ann. § 75-315(b) provides:

> Any negligence or wilful misconduct of a minor under the age of eighteen (18) years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and

severally liable with such minor for any damages caused by such negligence or wilful misconduct.

Second, the case of *Welter* v. *Curry*, 260 Ark. 287, 539 S.W. 2d 264 (1976) makes it clear that in the case of a parent who sues for damages on his own behalf and on behalf of a minor child in a cause of action arising out of the same negligent act, the child's contributory negligence may be asserted against the parent even though the negligence is not imputed to the parent. The parent's cause of action is deemed to be derivative and subject to the comparative negligence of the child.

We hold the court did not err in giving instruction 208 and did not abuse its discretion in giving part of the instructions before the evidence was presented, although we believe it to be the better practice to instruct the jury after the evidence is closed, except possibly for very general type of instructions. We are not persuaded the jury would likely have been confused by the order in which the instructions were given.

Affirmed.