Don A. WILSON *v.* Anna Jo WILSON

80-118                                        606 S.W. 2d 56
Supreme Court of Arkansas
Opinion delivered September 29, 1980
Rehearing denied November 3, 1980

486

*Shaver, Shaver & Smith*, by: *Tom B. Smith*, for appellant.

*Sharp & Morledge, P.A.*, for appellee.

JOHN I. PURTLE, Justice. Appellee was awarded a decree of divorce from the appellant on December 4, 1978. Additional motions, pleadings, and arguments were subsequently submitted to the court. An amended decree was entered on March 5, 1979, and a final decree entered of record on September 24, 1979.

On appeal appellant urges four points for reversal: (1) Ark. Stat. Ann. § 34-1211 and § 34-1214 are unconstitutional; (2) appellee should have been held liable for one third of the income tax liability; (3) appellee was awarded more than one third of the personal property; and, (4) the award of alimony and child support was excessive.

We hold the appellant did not timely raise the constitutionality of the statutes; we are unable to determine from the record whether the decree required appellant to pay any of appellee's income taxes; the court did not err in the division of the personal property; and, the alimony and child support awards are now moot.

On August 25, 1978, appellee filed a complaint for divorce and determination of child custody, alimony, and property rights. The parties were married on June 19, 1960. The parties have two children, ages 10 and 11. The appellant filed an answer and counterclaim against the appellee. In a letter opinion dated October 10, 1978, and filed for record November 8, 1978, the court granted appellee a divorce and set forth the property division, custody, support, alimony, and attorney's fees. A formal decree was filed for record on December 4, 1978.

The decree of December 4, 1978, awarded custody of the minor children to the appellee subject to reasonable visitation by the appellant. The wife was awarded ownership of an automobile which was subject to a lien, and she was ordered to pay the lien. The decree awarded the wife the majority of the household furniture. Appellee was also awarded one third interest for life in the lands owned by the appellant and one third interest absolute in the farm equipment and a camper,

subject to existing liens. Finally, appellee was awarded one third of the net proceeds for the 1978 crops which had not yet been gathered. The husband was awarded two pickup trucks, a boat, motor, guns, hunting and fishing equipment. Appellant was ordered to pay $344 per month child support and $300 per month alimony on a temporary basis. The court held for later determination any interest appellee might have in a flying service, PCA membership certificates, and certain bonds and stocks.

Appellant filed a brief on December 19, 1978, in which he questioned the division of the property and the constitutionality of the divorce statutes.

On January 2, 1979, a supplemental decree, dated December 13, 1978, was filed of record. The court disposed of the matters which had been held in abeyance in the original decree of December 4, 1978. Appellee was awarded a one third interest in the Cullum note for $5,000. She was denied any interest in the other items which had been held for further consideration. The court continued to hold under submission the matter of whether the wife should be held responsible for any of the income tax resulting from the sale of the 1978 crops.

Appellee filed a motion for reconsideration of the court's holding that she was entitled to an interest in the stocks and bonds and other certificates of indebtedness. By letter opinion dated January 7, 1979, and filed for record on February 14, 1979, the court amended the decree to allow appellee an interest in the stocks and bonds and certificates of indebtedness. The court also granted appellant the right to rent appellee's share of farm equipment for the year 1979 and further stated if appellant did not rent her interest, for the sum of $2,200, the equipment would be ordered sold by the court. The court refused to reduce the child support and alimony as requested by appellant. The opinion further stated that the provisions of the Arkansas statutes relating to property rights were mandatory.

A petition to eliminate alimony was filed on March 1, 1979. On March 5, 1979, the court entered an order finding

there had been no change of circumstances to justify modification of support or alimony payments. This order repeated provisions of earlier orders relating to rental of farm equipment or, in the alternative, the sale of equipment and gave an award of one third of the personal property to the appellee.

Apparently, appellant rejected the rental alternative on the farm equipment, and it was ordered sold on March 19, 1979. Appellee was awarded one third of the net proceeds of the sale which was held on March 28, 1979. The subsequently filed report of sale was entered on April 11, 1979, showing the proceeds to be $101,689.90. Due to the debts owed, there were no net proceeds to be divided.

The appellant filed a motion on March 22, 1979, requesting discontinuance of alimony payments to the wife and sought a refund of the $1,500 previously paid as alimony. The argument was that the alimony was based upon an unconstitutional statute. The motion further argued the holding in *Orr* v. *Orr*, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed. 2d 306 (1979), and that the circumstances of the parties had changed. On the same date the appellee filed a motion requesting appellant to be ordered to sell the 1978 rice crops which had been harvested.

The court filed another letter opinion on April 23, 1979, in which it stated the *Orr* v. *Orr*, supra, case had not yet been read by the court and that the General Assembly had enacted Act 705 of 1979 which very likely cured any defects in the prior orders of the court.

The appellant filed a motion for reconsideration on June 4, 1979. He sought reconsideration of the decree of December 4, 1978. He further questioned the reconsideration which the court had entered on March 5, 1979. Appellant again argued the constitutionality of the Arkansas divorce statutes and quoted *Orr* v. *Orr*, supra, as well as *Hatcher* v. *Hatcher*, 265 Ark. 681, 580 S.W. 2d 475, (1979). On June 8, 1979, the court entered an order requiring appellant to make the child support and alimony payments for April, May and June, 1979. The court took under consideration the motion to reduce child support payments and dissolve alimony payments as well as the matter of

income taxes. On July 12, 1979, the court filed an additional order. This order dissolved the alimony as of August 31, 1979, and held the child support payment in the original amounts was proper. The court further held the matter of the income tax under consideration.

The court filed a final order and judgment September 24, 1979. The court reiterated prior holdings and disposed of the matter of the 1978 crops and appellee's interest in appellant's personal property by requiring the appellant to pay the appellee the sum of $16,159.66 for her total interest in these items. This order also held the appellee was entitled to one third interest in the appellant's shop equipment. The net result of this judgment seemed to reaffirm the court's earlier decisions granting the appellee an undivided one third interest in the appellant's personal property and a one third interest for life in the lands owned by the appellant. The court denied the appellant's claim that the appellee be held liable for any part of the state and federal income taxes resulting from the sale of said personal property and crops.

The notice of appeal is from the judgment of the court rendered on September 24, 1979.

The divorce decree was entered on December 5, 1978. The respective attorneys had been notified of the contents of the proposed decree by a letter from the court dated October 10, 1978. There were many subsequent orders and several amendments to the decree until the order and judgment were entered of record on September 24, 1979. There was no appeal from the initial decree. This appeal is from the order and judgment of September 24, 1979.

The constitutionality of Ark. Stat. Ann. § 34-1214 was not mentioned until December 19, 1978, when the appellant filed a brief with the court. The other statute, Ark. Stat. Ann. § 34-1211, was not questioned until March 22, 1979. The court was not called upon to rule on the constitutionality of the statutes at any time during the trial or at any time prior to entry of the original decree. We have held many times that the trial court must be presented with the constitutional issue before we will consider it on appeal. *Gross* v. *Gross*, 266 Ark.

186, 585 S.W. 2d 14 (1979); *Williams* v. *Edmondson & Ward*, 257 Ark. 837, 250 S.W. 2d 260 (1975); and *Kroha* v. *Kroha*, 265 Ark. 170, 578 S.W. 2d 10 (1979). In *Kroha* we refused to consider the constitutionality of Ark. Stat. Ann. § 34-1214 because it was not raised in the pleadings or mentioned in the decree.

On June 4, 1979, appellant filed a motion for reconsideration of the decree of December 4, 1978. He relied upon *Orr* v. *Orr*, supra; and *Hatcher* v. *Hatcher*, supra. Both *Orr* and *Hatcher* were decided subsequent to the decree of December 4, 1978, and cannot be made applicable retroactively to matters previously decided by the court.

The final order was entered on September 24, 1979. the final decree disposed of only three items: (1) appellant's motion for reconsideration of the prior orders awarding appellee one third interest in his personal property; (2) the request to charge appellee with one third of appellant's income tax liability on the sale of the farm equipment and crops for 1978; and, (3) the request for additional attorney's fees by appellee's attorneys. The motions for reconsideration and additional attorney fees were denied. Appellee was awarded the sum of $16,159.66 as her interest in appellant's personal property which was the amount agreed upon by the parties. This award included her interest in the crops and all the personal property owned by appellant. The court held that appellee was divested of any interest whatsoever in any personal property owned by the appellant except for an undivided one third interest in appellant's shop tools. Of course, the court reaffirmed the prior decision granting the appellee a one third interest for life in the lands owned by the appellant. The final decree denied appellant's request to require appellee to pay one third of the income tax due from the sale of the 1978 crops and the farm equipment.

The appeal in this case is from the final decree of September 24, 1979. The appeal necessarily includes all prior interlocutory orders and decrees entered by the court during the pendency of this action. The interlocutory orders will be considered as of the date of their entry, and the law applying at that time is controlling. The constitutionality of Ark. Stat.

Ann. § 34-1211 and § 34-1214 was not raised prior to the time of the entry of the first decree of November 8, 1978; therefore, these statutes controlled the action of the court and fixed the limitations of its power at that time.

Subsequent to the final decree, the alimony was discontinued, and the child support was reduced. Child support is a matter which may be reviewed by the court at any time, even after the final decree is entered. The final decree also found that the parties had agreed that one third of the personal property and crops amounted to $16,159.66, and the order was entered in that amount. Therefore, the appellant has no grounds to complain about the division of the personal property. We cannot determine from the record whether the court made an award of exactly one third of the personal property to the appellee. It appears that the division of the property was substantially in compliance with the statutory requirements. In any event, if we treat Act 705 as being in effect at the time of the final decree, we find the chancellor did not abuse his discretion in the division of the property. Appellee's interest in the appellant's real estate had been determined at the time of the original decree when there is no doubt that Act 705 had no application.

In support of our holding that all preceding orders are reviewable upon appeal from final judgment, we refer to *Festinger et al* v. *Kantor et al*, 264 Ark. 275, 571 S.W. 2d 82 (1978). In *Festinger* we held where interlocutory orders were entered deciding questions of law that were pertinent to the impending trial of the case on its merits, where neither order disposed of the case nor purported to do so, an appeal from the order should have been delayed until a truly final decree was entered. In each of the orders entered by the court prior to the decree of September 24, 1979, the chancellor specifically held in abeyance certain items which were to be decided later. Therefore, it is obvious the court never intended to terminate the case until the final decree was entered. We have reviewed all of the orders and treated them at timely appealed. In support of this manner of handling the appeal, we refer to Rules of Appellate Procedure, Rule 2(a), and Rules of Civil Procedure, Rule 54(a).

The final order determined that appellee was not responsible for any of the state or federal income taxes due as a result of the sale of the 1978 crops or the farm machinery and equipment. We are unable to determine from the record whether appellant's income taxes were actually increased as a result of the manner in which the property was divided. There were no proceeds to be divided between the parties as a result of the sale of the farm equipment and machinery; however, there was apparently a tax liability resulting from the sale. The parties had previously filed joint tax returns.

It seems obvious the appellee would include in her income the proceeds she received from the 1978 crops. Appellant's argument indicates he was charged with all of the taxes due from the sale of the 1978 crops as well as the liability incurred as a result of the sale of the machinery and equipment. It is not clear from the record whether the court took this matter into consideration as part of the division of the personal property when it ruled the appellee did not owe any of these taxes; however, we assume the court considered tax liability along with the other property rights.

Affirmed.

FOGLEMAN, C.J., concurs.

JOHN A. FOGLEMAN, Chief Justice, concurring. There are some parts of the majority opinion and the results reached with which I cannot agree. I do not agree that the issue of the constitutionality of Ark. Stat. Ann. §§ 34-1211 and 34-1214 was raised too late for it to be considered as to any facet of the case. Any doubt about the constitutionality of these two sections has been dispelled. I agree that appellant raised the question too late to affect the decree of December 4, 1978. In that decree the court stated:

> There is a dispute between the parties as to whether Plaintiff should be awarded any interest in certain other items of personal property, among them being Cullum Flying Service Claim, PCA membership certificates, and other stocks and bonds. The Court will

hear further evidence and argument on these issues before making a ruling.

The award of a one-third interest in the Cullum note was made in a decree filed January 2, 1979. The court also held that appellee was not entitled to any interest in five United States "E" bonds, or in stock of the Cross County Farmers Association, the Production Credit Association or Riceland Foods. The court reserved the question of appellee's responsibility for income taxes. Appellant's brief questioning the constitutionality of the statutes was filed on December 19, 1978, before the decisions in *Orr* v. *Orr*, 440 U.S. 268, 99 S. Ct. 1102, 59 L. .Ed. 306 (1979) and *Hatcher* v. *Hatcher*, 265 Ark. 681, 580 S.W. 2d 475 were rendered. This was also before the decree was signed by the chancellor. There was a hearing on December 13, 1978, but there is no indication in the abstract of the record that the court rendered its decision on that date. That issue, in my opinion, was raised by appellant's brief before this decree was signed. I am not aware of any statute, procedural rule or case law that requires that the question of constitionality of a statute be raised only in a formal pleading.

On the date of the entry of the decree of January 2, 1979, appellee filed a motion for reconsideration of the court's decree insofar as it related to the stocks and bonds in which she had been denied any interest. A hearing was had on January 15, 1979, and the chancellor rendered a letter opinion in which he treated the motion for reconsideration. In that part of the opinion the court held that, under Ark. Stat. Ann. § 34-1214, it was mandatory that appellee be awarded a one-third interest in appellant's personal property. The chancellor found that the decree upon which the motion for reconsideration was based should be modified to award appellee an undivided one-third interest in appellant's stock in Riceland Foods and in his interest in Cross County Farmers Association. An order putting the chancellor's opinion into effect was entered on November 2, 1979. Appellant raised the issue of constitutionality again in a motion for reconsideration which was denied.

I do not pretend to understand all the facets of the posi-

tion of this court expressed in *Hatcher* and in *Sweeney* v. *Sweeney*, 267 Ark. 595, 593 S.W. 2d 1, except to the extent that the inherent powers of equity have been expanded so that property awards are not necessarily based on statutes, at least when no statute in in effect. I maintain the position expressed, that in *Sweeney* the court rejected the idea that the rights of the parties were fixed when the divorce decree was rendered. It appears that the court is now ready to hold that the rights of the parties become fixed by the granting of the divorce, saying that Ark. Stat. Ann. §§ 34-1211 and 34-1214 fixed the limitations of the court's power. This is the position I took in my dissent in *Sweeney* but I thought it had been rejected. I could agree that the modification of the court's decree to award an interst in the corporate stocks was justified on that basis. It must not be forgotten that the chancery court did not exercise the general powers of equity in making this award. The award was specifically made on the basis that the statute was mandatory and the court had no option. From reading that court's opinion, I doubt that it would have made the award under its inherent equity powers.

I must question the application of the Rules of Civil Procedure to this appeal. As I view the record, these rules were not in effect at the time the notice of appeal was given.