T. H. EPPERSON & SON, INC. et al
*v.* Rosezetta ROBINSON

81-114                                        622 S.W. 2d 688

Supreme Court of Arkansas
Opinion delivered October 26, 1981

*Barber, McCaskill, Amsler, Jones & Hale,* for appellants.

*Thweatt & Bayne,* by: *James J. Bayne,* and *Randell L. Gammill,* for appellee.

GEORGE ROSE SMITH, Justice. This is an action by the appellee for personal injuries sustained in a collision on Highway 11. The plaintiff was driving north when she met the defendants' truck and trailer, traveling south at about 40 miles an hour and transporting a house 24 feet 5 inches wide. The plaintiff's car was struck by the oncoming house at a point on the plaintiff's side of the road, the roadway being only 22 feet 6 inches wide. The jury awarded the plaintiff $20,000. We need not detail the testimony, which was amply sufficient to support the verdict.

The complaint was based only on various allegations of negligence. Midway in the trial, however, the court permitted the plaintiff to rely also on a recent Highway Commission regulation applicable to persons transporting houses on the highway under a permit. The regulation provides that "the defendant [house mover] shall assume absolute liability and pay for any and all damages to persons or private property resulting from the movement of such oversized house." The court announced that the regulation would be submitted to the jury, as in fact it was, in the format of AMI 903. AMI Civil 2d (1974). The defendants objected on

the ground that the plaintiff was being permitted to bring in a new theory either of strict liability or of a duty on the part of the defendants to exercise the highest possible degree of care.

The objection should have been sustained. Civil Procedure Rule 15 (b), copied from the corresponding Federal Rule, provides that amendments of the pleadings may be allowed during the trial within the court's discretion. One test of prejudice is whether the defendant has a fair opportunity to defend after the amendment. 3 Moore's Federal Practice § 15.13 (1980). Here the prejudicial effect of the plaintiff's change in the theory of her case can hardly be doubted. The defendants came to court expecting to have to rebut assertions of mere negligence and were confronted instead with a regulation that told the jury in effect that the defendants had assumed absolute liability and had agreed to pay for all damages to the plaintiff's person or property resulting from the movement of the house. The defendants' preparations for trial would be materially different in the two situations; so the change of theory during the trial was unfair.

The appellee makes no attempt to answer the appellants' argument on the merits, insisting instead that the court's instruction to the jury was not abstracted. The abstract does show, however, that the court stated its intention to submit the regulation within AMI 903, and the regulation itself is quoted once in the appellants' abstract and twice in their brief. We have had no difficulty in understanding the facts and the argument without recourse to the record.

The appellants also argue that the regulation is unconstitutional as going beyond the regulatory authority delegated to the Highway Commission, but the only objection made below was that the instruction imposed a higher standard than that of ordinary care. Constitutional questions cannot be raised for the first time on appeal. *Wilson* v. *Wilson*, 270 Ark. 485, 606 S.W. 2d 56 (1980).

Reversed and remanded for a new trial.