Barney MAY *v.* Louis BARG, d/b/a BARG & COMPANY

82-58                                              633 S.W.2d 376

Supreme Court of Arkansas
Opinion delivered May 24, 1982

*Davis & Bracey, P.A.,* by: *Charles E. Davis,* for appellant.

*Burke & Eldridge,* by: *John R. Eldridge, III,* for appellee.

ROBERT H. DUDLEY, Justice. Appellant Barney May and

Midwest Steel, Inc. executed a promissory note in the amount of $400,000.00 plus interest to appellee Louis Barg d/b/a Barg & Company. On March 9, 1981, appellee Barg filed suit against Midwest and appellant May alleging joint and several liability for the principal, interest and attorney's fees. On the next day, March 10, an attorney, who is the agent for service of Midwest, went to the sheriff's office and accepted service of process for Midwest and appellant May. A deputy sheriff testified that, upon Midwest being sued, the standard practice was to telephone the attorney and he would then come to the sheriff's office and accept service of process. Apparently Midwest Steel is owned by appellant May but the deputy sheriff did not know whether the attorney normally accepted service of process for individual appellant May. On April 2, 1981, the same attorney filed an answer for Midwest Steel and appellant. April 2 was not " . . . within twenty (20) days after the service . . . , " and the answers were not timely filed. ARCP Rule 12 (a) Ark. Stat. Ann. Vol. 3A (Repl. 1979). Appellee Barg moved to strike the answers. Midwest and appellant responded only that the motion to strike should be denied because of appellee's failure to file a brief with the motion in accordance with ARCP 78. The validity of service was not questioned by motion. Appellant May filed an amended answer alleging there had been no demand for payment and, in addition, appellant May individually filed a verified counterclaim alleging that appellee had wrongfully converted his property. Appellee subsequently filed a motion to strike and appellant did not file a responsive pleading. The trial court granted the motion to strike the answers, amended answer and counterclaim. The case was later tried on the issue of the amount of liability and the court entered judgment in the amount of $457,217.55. Only Barney May appeals. Jurisdiction to interpret the Rules of Civil Procedure is in this court. Rule 29 (1) (c). We affirm the trial court.

ARCP 4 (d) (1) provides for personal service inside the state upon an agent authorized by appointment to accept service, a method for service of process not previously authorized. Compare superseded Ark. Stat. Ann. § 27-1121 (Repl. 1962). Our rule provides that service shall be:

(1) Upon an individual, other than an infant or an incompetent person, by delivering a copy of the summons and complaint to him personally, or if he refuses to receive it, by offering a copy thereof to him, or by leaving a copy thereof at his dwelling house or usual place of abode with some person residing therein who is at least fourteen (14) years of age or *by delivering a copy thereof to an agent authorized by appointment* or by law *to receive service of summons.* [Emphasis supplied.]

The issue is whether appellant's attorney was an agent authorized by appointment to receive summons. Two material undisputed facts establish that (1) the attorney accepted service of process and (2) the client-attorney relationship existed. Neither the appellant nor the attorney has ever indicated that the attorney was not in fact authorized to accept service; they simply maintain that appellee did not prove the authorization.

The authority of the attorney to bind his client by acceptance of process pursuant to ARCP 4 (d) (1) may be implied in law from the ostensible circumstances, although an attorney does not, by mere virtue of employment, have authority to accept service of process. The ostensible circumstances implying the authority are well defined in this case. At the hearing on the motion to strike the appellee's attorney stated, "He [appellant May's attorney] accepted service on behalf of Mr. May individually." The judge, after noting the prohibition against an attorney testifying and also trying the case, asked the attorney if he desired to testify and he responded, "I have no objection going to that. I do not intend to testify." We have stated, "Failure of a party to an action to testify as to facts peculiarly within his knowledge is a circumstance which may be looked upon with suspicion by the trier of the facts." *Starns* v. *Andre,* 243 Ark. 712 at 719, 421 S.W.2d 616 at 620 (1967), quoting *Broomfield* v. *Broomfield,* 242 Ark. 355, 413 S.W.2d 657 (1967). The failure of either the appellant or his attorney to testify gives rise to the presumption that the testimony would have been against appellant's interests. *Starns* v. *Andre,* supra. While contending that the authority of the attorney was not

established and yet offering no explanation, the appellant paradoxically contended the pleadings filed by the same attorney were valid. The trial judge's finding that ostensible circumstances were sufficient to prove appointment to receive service of summons is not clearly erroneous, therefore we affirm. ARCP 52.

In no pleading has the appellant asserted the present claim that service of process was insufficient. The trial judge, rather than holding the authority was proven, could well have held the present argument was waived because ARCP 12 (h) provides:

> (h)   Waiver or Preservation of Certain Defenses.
> (1)   *A defense of* lack of jurisdiction over the person, improper venue, insufficiency of process, *insufficiency of service of process,* or pendency of another action between the same parties arising out of the same transaction or occurrence *is waived* (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) *if it is neither made by motion* under this rule *nor included in a responsive pleading* or by an amendment thereof permitted by Rule 15 (a) to be made as a matter of course. [Emphasis supplied.]

The standing of the counterclaim was dependent upon the timely filing of an answer. ARCP 12 (b). See *Huffman* v. *City of Hot Springs,* 237 Ark. 756, 375 S.W.2d 795 (1964); *Kirkendoll* v. *Hogan,* 267 Ark. 1083, 593 S.W.2d 498 (Ark. App. 1980).

Once the trial court determined that the appellant's answer was not timely filed, the only question remaining was whether excusable neglect, unavoidable casualty or other just cause would permit the late filing of an answer. ARCP 6 (b). The appellant neither pleaded nor proved such plight.

The appellant alternatively contends that Article II, § 13 of the Constitution of Arkansas provides for due process for any defense asserted in a civil case and "fundamental standards of fairness and justice" give him the "right to enter

the lawsuit on April 2, 1981, by filing his answer." While there is no apparent merit in the argument, we do not reach it because it was not raised below. "We have held many times that the trial court must be presented with a constitutional issue before we will consider it on appeal." *Wilson* v. *Wilson*, 270 Ark. 485, 606 S.W.2d 56 (1980); but see *Matthews* v. *Bailey*, 198 Ark. 830, 131 S.W.2d 425 (1939); *Howell* v. *Howell*, 213 Ark. 298, 208 S.W.2d 22 (1948).

Affirmed.