Mary Alice RICHARDSON *v.* David RICHARDSON

83-155                                                           659 S.W.2d 510

Supreme Court of Arkansas
Opinion delivered October 31, 1983

*Vickery & Jones, P.A.*, by: *Ian W. Vickery*, for appellant and cross-appellee.

*Shackleford, Shackleford & Phillips, P.A.*, for appellee and cross-appellant.

Robert H. Dudley, Justice. The Court of Appeals certified this divorce action to this Court because the case requires an interpretation of Ark. Stat. Ann. § 34-1214 (Supp. 1983). The appellant raises nine points of appeal and the cross-appellant raises three points. The major issue is whether an unexercised stock option is marital property. We hold that it is. The points of appeal are treated in the order raised.

The appellant contends that thirty acres acquired in her name during the marriage should be excluded from the classification of marital property because it was received as a gift. *See* Ark. Stat. Ann. § 34-1214 (B) (1) (Supp. 1983). The chancellor made a finding of fact that the acreage was held as marital property. Findings of fact by a chancellor will not be set aside unless they are clearly against the preponderance of the evidence. ARCP Rule 52, Ark. Stat. Ann. Vol. 3A (Repl. 1979); *Warren* v. *Warren*, 273 Ark. 528, 623 S.W.2d 813 (1981). Here the deed of conveyance to appellant recites that

a consideration was paid and appellant admits the consideration was $9,000. She contends that the $9,000 purchase price was a gift from her mother and should have been traced. *See Potter* v. *Potter,* 280 Ark. 38, 655 S.W.2d 382 (1983). However, after acquiring title to the land, she sold the timber for $6,000 and handed those proceeds over to her mother. It is unreasonable to believe that appellant's mother made a gift to her of $9,000 and appellant turned around and made a gift of $6,000 to her mother. It is reasonable to treat the transaction as a loan and partial repayment. We cannot say the chancellor was clearly erroneous in treating the transaction as a loan and holding the acreage was marital property.

Appellant and her mother acknowledged they were partners in the Paramount Beauty School in El Dorado. The building, equipment, fixtures, and all personal property used in the partnership are the separate property of appellant's mother. Appellant contends that she owns no property but instead has only a right to half the earnings of the partnership and the chancellor erred by treating the partnership interest as marital property.

The chancellor was correct. Under the Uniform Partnership Act appellant's rights in specific assets are those of a tenant in partnership. Ark. Stat. Ann. § 65-125 (Repl. 1980); *Riegler* v. *Riegler,* 243 Ark. 113, 419 S.W.2d 311 (1967). The partnership assets are items such as accounts receivable, cash, bank accounts, and good will. The appellant's interest in the partnership was acquired during the marriage and constitutes marital property.

Appellant next contends the trial court committed error in finding the value of her interest in the partnership to be $16,000. The 1981 partnership tax return reflected total ordinary income of $17,206 with each partner having $8,603 in income from the partnership. The 1980 partnership tax return showed total ordinary income of $11,736 with each partner earning $5,868. The appellee testified that he was experienced in evaluating businesses and that the value of a business is determined by using a multiple of average earnings. He apparently used a multiple of approximately

five times average earnings as he appraised the value of appellant's partnership at $42,500. There was no other evidence concerning the value of the partnership. The chancellor used a much smaller multiple than that suggested by appellee and valued appellant's interest in the partnership at $16,000. We cannot say his finding was clearly erroneous.

Appellant contends that the chancellor abused his discretion in refusing to award child support. We find no error. The son for whom support is sought is twenty-six years old and is not shown to be disabled. The daughter for whom support is sought is married. Similarly we find no abuse of the chancellor's discretion in refusing to award alimony. At the date of the trial appellant had a net worth of $106,282.50 and the division of only three of the items of marital property will constitute an award to her in excess of an additional $120,000. Those three items are the Murphy Oil stock, the Murphy Oil thrift plan and the farm. This does not include the division of the remainder of the marital assets. Appellant has earnings from the beauty school partnership as well as dividends. In the circumstances of this case it cannot be said the chancellor was clearly erroneous in denying the claim for alimony.

The chancellor awarded appellant one-half the value of appellee's interest in the Murphy Oil thrift plan. If appellee withdraws money from the plan in order to pay one-half the value of the fund he will incur substantial income taxes. In such event the chancellor ordered that one-half the value be inclusive of appellee's taxes. The appellant neither cites any authority nor makes a convincing argument in contending that the allowance for income tax, if incurred, is unfair. No error is shown on this point.

Appellant's next two points are objections to the form of the final decree. These objections were not brought to the attention of the trial court and will not be considered for the first time on appeal. *May* v. *Barg & Co.*, 276 Ark. 199, 633 S.W.2d 376 (1982).

Appellant contends that the chancellor committed error in awarding only $1,000 on her attorney's fee. The trial court has considerable discretion in the allowance of an attorney's fee in a divorce case. *Ford* v. *Ford,* 272 Ark. 506, 616 S.W.2d 3 (1981). The chancellor is in a better position to evaluate the services of counsel than is an appellate court and, absent an abuse of discretion, the chancellor's fixing of an attorney's fee will not be disturbed on appeal. *Wiles* v. *Wiles,* 246 Ark. 289, 437 S.W.2d 792 (1969). We cannot say that the chancellor abused his discretion in awarding a fee of $1,000. However, we do award appellant an additional $1,000 as attorney's fee for services in this Court.

Cross-appellant holds stock options for the purchase of shares of common stock. He contends they are not marital property. A stock option is the right to buy a designated stock, if the holder of the option chooses, at any time within a specified period, at a determinable price, or to sell a designated stock within an agreed period at a determinable price. An option to buy stock is termed a "call," an option to sell stock is labelled a "put," and an option to do either is denominated a "straddle." The terms of the option determine whether it is or is not transferable.

There is a recognized exchange for many transferable puts and calls. As a result, many of the transferable options have a value fixed daily in the marketplace just as does traded common stock. Non-transferable options cannot be traded on an exchange and their value must be arrived at in another manner. However, they constitute marital property just the same as traded options or traded common stock.

Here, cross-appellant held options to purchase 3,000 shares of the common stock of the Murphy Oil Corporation at a price of $13.71 per share. On the day the case was heard Murphy Oil Corporation's stock was being traded at 22-1/2. Consequently, on the date of trial, the cross-appellant could have exercised the options for $41,130 and received Murphy Oil stock worth $67,500. The chancellor found that the value of the options was the difference between the cost of exercising them and the worth of the stock. He awarded cross-appellee one-half of that amount. We affirm. The

options held by cross-appellant are a type of security which must be divided as marital property under the provisions of Ark. Stat. Ann. § 34-1214 (Supp. 1983). The division ordered was in compliance with Ark. Stat. Ann. § 34-1214 (A) (4) (Supp. 1983).

The chancellor found that each party should be liable for his or her separate debts. The cross-appellant contends that his bank debt, open accounts and tax liability should be divided equally. However, the cross-appellant has a high income while the cross-appellee has a modest income. The cross-appellant will be able to pay the debt from income without materially changing his style of life. The cross-appellee could not pay the debts from her income. She would find it necessary to dispose of assets to pay part of the debt. Under the circumstances, we cannot say the ruling of the chancellor is clearly erroneous.

Affirmed on direct and cross-appeal.

PURTLE and HAYS, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. The first point of disagreement with the majority opinion is the disposition of the 30 acres of land. This was part of a forty acre tract from which ten acres had been devised to the appellant by the will of her stepfather. Her mother then paid the other heirs for the remaining thirty acres and gave the land to the appellant with the request that she (the mother) be allowed to collect the proceeds from the first timber sale. The timber was sold and the proceeds were given to the mother. Neither appellant nor appellee paid for the land. It is obvious that this property was obtained by the appellant by will and gift. This exempts it from becoming marital property pursuant to Ark. Stat. Ann. § 34-1214 (B) (1) (Supp. 1983). By no stretch of the imagination can I find any legal or moral right for the appellee to obtain an interest in these lands.

Next, the majority erred in affirming the chancellor's ruling giving an interest in the partnership to the appellee. The partnership is a paper creation and has no property, shares or anything of a tangible nature. A primary function

is to reduce the income tax paid by appellant and her mother. Without the personal services of the appellant there would be absolutely nothing of value to anyone else. The building, equipment, fixtures and all personal property utilized by the partnership are owned by appellant's mother. Granting appellee an interest in the partnership is like granting the wife of a lawyer an interest in his law firm. Neither appellant nor appellee paid any sum for an interest in the partnership. If it had any value it was a gift from the mother of appellant and therefore not marital property.

In spite of the fact that appellant is 55 years of age, has two of their four children still living in the home (which was ordered sold out from under her) and has an earned income of about $8,000 annually, as compared to appellee's income in excess of $60,000, she was denied any alimony by the trial court and the majority of this court approved this unfair treatment. She is entitled to alimony until such time as conditions change. The appellant has not been afforded equity nor equality in my opinion. She is entitled to be treated with dignity and respect and should be allowed alimony in an amount sufficient to enable her to live in a manner fairly consistent with what she has been afforded during the 25 years she has lived with the appellee and cared for their children and their home.

I agree with appellee on the cross appeal. Unexercised stock options which cannot be pledged, mortgaged or assigned are not property acquired by anyone. Even if appellee exercised his options there is no guarantee that he will make a profit. In fact it could turn into a loss. Therefore, I am unable to speculate that these options are property acquired during the marriage. After this litigation is finished he may have a very good reason not to exercise the options as they must be paid for at the time the option is exercised. For the foregoing reasons I would modify the decree in accordance with this dissent.

HAYS, J., joins in this dissent.