2010 Ark. App. 80

**Henry PIANALTO, Appellant**

v.

**Patricia PIANALTO, Appellee.**

**No. CA 09–289.**

Court of Appeals of Arkansas.

Jan. 27, 2010.

Zurborg Law Office, Springdale, by: J. David Zurborg, for appellant.

Taylor Law Partners, Fayetteville, by: William B. Putman, for appellee.

ROBERT J. GLADWIN, Judge.

⌐Appellant Henry Pianalto appeals the November 25, 2008 order of the Washington County Circuit Court finding that cer-

tain percentages of the stock options granted to appellant by his employer, JB Hunt Transport, Inc. (JB Hunt), should be considered marital property and divided equally between the parties. Appellant contends that the stock options are not marital property, and appellee Patricia Pianalto cross-appeals, arguing that she should have been awarded half the stock options rather than the percentages awarded, and half the proceeds from appellant's postdivorce sale of vested stock options. We affirm the trial court's order.

The parties were married on August 1, 1981, and divorced by decree filed March 31, 2006. Incorporated into the parties' divorce decree is a property-settlement agreement, which ⌐2divides their assets, providing that the parties would each share equally in one-half of any marital property that may be discovered and that was not otherwise divided by the property-settlement agreement. Appellant, as a key employee for JB Hunt, was awarded stock options by his employer during his marriage to appellee.

The parties stipulated that appellant had been granted options on 14,000 shares of common stock between November 12, 1997, and October 21, 2004. These options were exercisable between June 1, 1998, and June 1, 2014, in accordance with each independent yearly agreement. Appellant was also awarded 1400 shares of common stock on October 27, 2005, which are exercisable between July 15, 2012, and July 15, 2015, in accordance with the restricted stock agreement. The options on both the 14,000 shares and the 1400 shares were not addressed by the parties' property-settlement agreement.

The parties further stipulated that on July 17, 2003, and April 21, 2005, JB Hunt announced a two-for-one stock split of its common stock. As of March 31, 2006, the date of divorce, 24,000 (of 49,400) options

granted to appellant were outstanding. The parties also stipulated that on July 24, 2006, appellant exercised 3800 shares of said stock options, realizing a net profit of $61,772. Therefore, as of April 17, 2007, 20,200 options remained unexercised from those options granted appellant prior to March 31, 2006.

Appellee sought a declaratory judgment setting forth the rights and obligations of the parties as it related to stock options existing on March 31, 2006. She sought a declaration that the stock options be deemed marital property and divided equally. Appellant argued that the ⌐3stock options were not marital property because they were not vested at the time of the divorce. On November 25, 2008, the trial court found that the stock options were awarded to appellant for a twofold purpose: one, for past performance and two, for future expectations or future services. The trial court then found that the following options were exercisable and vested and should be awarded as marital property: eighty percent of the November 12, 1997 options; seventy percent of the October 8, 1998 options; one hundred percent of the October 29, 1999 options; one hundred percent of the October 12, 2000 options; forty percent of the November 2, 2001 options; thirty percent of the November 26, 2002 options; twenty percent of the October 23, 2003 options; and zero percent of the options granted on October 21, 2004, and October 27, 2005.

Appellant filed a timely notice of appeal on December 22, 2008, and appellee filed a cross-appeal on January 6, 2009. This appeal followed. The main issue before us is whether the unexercised stock options were marital property subject to division upon the parties' divorce.

The standard of review on appeal from a bench trial is whether the circuit

court's findings were clearly erroneous or clearly against the preponderance of the evidence. *Helena–W. Helena Sch. Dist. v. Fluker*, 371 Ark. 574, 268 S.W.3d 879 (2007). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, when considering all the evidence, is left with a definite and firm conviction that a mistake has been committed. *Id.*

Appellant contends that the trial court erred in determining that the award of stock options was for both past and future performance and in its methodology in determining the percentage of options that were marital property and subject to division. He argues that whether his stock options are marital property subject to division cannot be decided on the basis of whether the stock options are vested. He maintains that employee stock options that are based on future service and that are contingent upon the continued employment of the employee/optionee differentiates the present case from other cases regarding simply whether benefits are vested. David Mee, Senior Vice President of Tax and Risk Management for JB Hunt, testified that the four tools used by JB Hunt as part of its compensation package for a person at appellant's level are salary, bonuses, retirement plans, and stock options. The options are awarded to keep an employee. Past performance determines eligibility for an option award, but the amount is determined by the current salary and job title, with some fluctuation available by a supervisor's review. Appellant points to Mr. Mee's testimony that JB Hunt must explicitly grant an award for past services and state it as such for the expense to be taken immediately on the financial statements. Appellant argues, as attested to by Mr. Mee, that all the options granted to appellant were accounted for as for future performance, not past performance.

In *Day v. Day*, 281 Ark. 261, 663 S.W.2d 719 (1984), the Arkansas Supreme Court held that employment benefits are marital property to the extent that a spouse has a vested interest in them. The court determined that benefits should be considered vested, or more than a mere expectancy, once they cannot be unilaterally terminated by the employer without also terminating the employment relationship. *Id.* Appellant asserts that the plan benefits in *Day* were already vested because they could not be diminished and were not dependent on the professor's continued employment. *Id.* In the case at issue, appellant contends that the stock options are contingent upon his continued employment. He further contends that the one year's work and performance for any option exercisable after marriage dissolution, which is the requirement to exercise the options when coming due, would be performed solely by him, and no contribution by appellee would go toward meeting that requirement.

In *Richardson v. Richardson*, 280 Ark. 498, 659 S.W.2d 510 (1983), the Arkansas Supreme Court ruled that stock options constitute marital property if acquired during the marriage. Appellant points out that the supreme court noted that the *Richardson* options could have been exercised on the date of trial. *Id.* Appellant contends that the instant matter is distinguishable in that his options were not exercisable until after the dissolution of the parties' marriage.

In *McDermott v. McDermott*, 336 Ark. 557, 986 S.W.2d 843 (1999), the Arkansas Supreme Court found that a contingency-fee agreement is an enforceable right acquired during marriage and therefore marital property; however, it also noted that the marital share of proceeds received is limited to the portion of the fee attribut-

able to work done during the marriage. Appellant contends that the trial court herein was attempting to follow the division language and formula in *McDermott* when allocating the percentages to the options that represented marital property. He argues that the trial court erred in its application of this principle and formula.

Appellant distinguishes the instant case from *Cole v. Cole,* 82 Ark.App. 47, 110 S.W.3d 310 (2003), where this court held that the option to purchase real estate was marital property. Appellant claims that all that remained after the dissolution of the parties' marriage in *Cole* was to close the real-estate transaction. Here, appellant must continue his employment every day through the option-exercise date after dissolution to remain eligible to exercise the stock options at issue.

Appellant cites *Ruberg v. Ruberg,* 858 So.2d 1147 (Fla.Dist.Ct.App.2003), where the Florida District Court of Appeals held that the dispositive issue in determining the nature of options is whether the grant was made in consideration for actions undertaken during the marriage and before the applicable cutoff date. The Florida court agreed with other jurisdictions that hold that the status of such unvested options turn on the factual issue of whether the unvested stock options and restricted shares were primarily awarded as deferred compensation for past service or as an incentive for future services. *Id.* Appellant argues that Mr. Mee's testimony made it clear that the stock options awarded him were for future service and performance.

The trial court herein relied on *Hall v. Hall,* 88 N.C.App. 297, 363 S.E.2d 189 (1987), where the North Carolina Court of Appeals held that stock options that are not exercisable as of the date of separation and that may be lost as a result of an event occurring thereafter are not

vested and should be treated as the separate property of the spouse for whom they may vest at some time in the future. Appellant urges that to correctly follow *Hall* or *McDermott,* the trial court should have ruled that only those options exercisable during the first year after dissolution were subject to pro rata division as marital property and separate property. We disagree.

The North Carolina court stated,

We believe that the approach most consistent with North Carolina's equitable distribution statutes is to classify stock options granted an employee by his or her employer which are exercisable upon the date of separation or which may not be cancelled, and which may, therefore, be said to be vested as of the date of separation, as marital property. Options which are not exercisable as of the date of separation and which may be lost as a result of events occurring thereafter, and are, therefore, not vested, should be treated as the separate property of the spouse for whom they may, depending upon circumstances, vest at some time in the future. In our view, this rule more closely recognizes the purpose of stock options granted an employee which are designed so that they vest and become exercisable over a period of time; such options represent both compensation for the employee's past services and incentives for the employee to continue in his employment in the future. Those options which have already vested are clearly rewards for past service rendered during the marriage, and, therefore, are marital property; options not yet vested are in essence, an expectation of a future right contingent upon continued service and should be considered separate property.

*Hall,* 363 S.E.2d at 195–96.

We cannot say that the trial court's application of *Hall* was clearly erroneous.

Accordingly, we also agree with appellee's first argument, that the trial court did not err in ruling that appellant's vested stock options were marital property subject to division between the parties. However, we disagree with appellee's claim that she is entitled to half the proceeds from the sale of those options subsequent to the dissolution of the marriage. We disagree with appellee's argument that *Hall* is contrary to Arkansas law in light of the cases cited herein. Accordingly, pursuant to the trial court's ruling, appellee is entitled to half the proceeds of the percentage awarded to her in the trial court's order, and we find no error.

Second, appellee argues that the trial court erred in awarding her less than half of appellant's vested stock options. Pursuant to the property-settlement agreement, appellee contends that she is entitled to one-half of any marital property that may be discovered by the parties that is not divided by the property-settlement agreement. However, the trial court determined that only a percentage of those stocks was marital property. Based on our ruling above, appellee is entitled to one-half of what has been determined by the trial court to be "vested" or "marital" property, but only as to that percentage determined to be marital property as described by the trial court's order.

Affirmed on appeal and on cross-appeal.

MARSHALL and BAKER, JJ., agree.